**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CEDRIC CHESTER JOHNSON, | Case No.: 1:16-cv-01371-BAM (PC) |
| Plaintiff, | SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| NORTH KERN STATE PRISON, et al., | |
| Defendants. | |

**I.      Screening Requirement and Standard**

Plaintiff Cedric Chester Johnson ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on September 6, 2016, in the United States District Court for the Northern District of California.  The matter was transferred to this Court on September 15, 2016.  Plaintiff's complaint is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.   FACTUAL ALLEGATIONS

Plaintiff is currently incarcerated at the Correctional Training Facility in Soledad, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison.  Plaintiff names North Kern State Prison, Officer Speakman, Officer Mrs. K, Officer Rocha, Officer Jones and the North Kern State Prison Warden as defendants.

Plaintiff alleges as follows:  "I was put on a top bunk and I fell off suffering many injur[ies].  I have a lower/lower bunk chrono.  I should have never been placed on a top bunk.  I suffered head-shoulder-back-neck injur[ies].  Deliberate indifference by C/O's (staff)."  (ECF No. 1 at p. 3).  As relief, Plaintiff requests one million dollars for pain and suffering.

## III.   DISCUSSION

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim against any named defendant.  As Plaintiff is proceeding pro se, he will be given an

2

opportunity to amend his complaint to the extent he is able to do so in good faith.  To assist Plaintiff with any amendment, the Court provides the following pleading and legal standards that appear applicable to Plaintiff's claims.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

Plaintiff's complaint lacks basic factual information, including when the incident happened, the circumstances surrounding the incident, the effective dates of his chrono, and the person or persons responsible for the bunk assignment.  If Plaintiff elects to file an amended complaint, he must provide sufficient factual information to state a claim for relief that is plausible on its face.

### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is

legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link any of the named defendants to a constitutional violation. Moreover, Plaintiff does not identify any individual in the allegations of his complaint or attribute any specific conduct to the named defendants. If Plaintiff elects to amend his complaint, then he must state what each person did or did not do that caused the alleged violation of his constitutional rights.

### C.  Supervisory Liability

Plaintiff names the Warden of North Kern State Prison as a defendant. To the extent Plaintiff seeks to hold the Warden liable based solely upon the Warden's supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

### D.  Eleventh Amendment Immunity

To the extent Plaintiff names North Kern State Prison as a defendant, he may not do so. The Eleventh Amendment erects a general bar against federal lawsuits brought against a state. *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought. *E.g., Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Buckwalter v. Nevada Bd. of Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against North Kern State Prison.

### E.  Deliberate Indifference

Plaintiff alleges that defendants were deliberately indifferent to his medical need for a lower bunk. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must

4

show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here, Plaintiff fails to demonstrate that any of the named defendants were aware of Plaintiff's alleged need for a lower bunk and then failed to adequately respond to that need.  If Plaintiff elects to amend his complaint, then he must allege facts demonstrating that defendants were aware that a substantial risk of serious harm existed and then failed to adequately respond.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a claim for which relief may be granted.  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint to the extent that he can do so in good faith.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.   Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.   Plaintiff's complaint is dismissed with leave to amend for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim upon which relief can be granted;

2.   The Clerk's Office shall send Plaintiff a complaint form;

3.   Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 24, 2016**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE

6