# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>    Defendants. | Case No.  1:16-cv-01371-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 13, 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

### Findings and Recommendations following Screening

**I.    Procedural History**

Plaintiff Cedric Chester Johnson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On October 24, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 11).  On November 21, 2016, Plaintiff filed his first amended complaint. (ECF No. 12).

On November 28, 2016, the Court screened Plaintiff's second amended complaint under 28 U.S.C. § 1915A, and found that it stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Speakman, Rocha, Jones and Mrs. K., but failed to state any other cognizable claims. The Court therefore provided Plaintiff with an opportunity to file a second amended complaint or notify the Court of his willingness to proceed only on his cognizable claim. (ECF No. 13). On December 8, 2016, Plaintiff notified the Court of

his intention to proceed only on his cognizable claim.  (ECF No. 14).

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III.    Plaintiff's Allegations**

Plaintiff is currently incarcerated at the Correctional Training Facility in Soledad, California.  The events in the amended complaint are alleged to have occurred while Plaintiff was

1 housed at North Kern State Prison.  Plaintiff names the North Kern State Prison Warden, Officer
2 Speakman, Officer Rocha, Officer Jones and Mrs. K as defendants.

3 Plaintiff contends that he was subjected to cruel and unusual punishment.  Plaintiff
4 alleges:  On March 23, 2016, Plaintiff sent in a health care appeal, Log Number NKSP HC
5 16027357, stating deliberate indifference in medical care at Kern State Prison.  Plaintiff also
6 stated that various individuals, including all medical/security decision makers, such as Defendants
7 Speakman, Mrs. K, and Rocha were responsible.  Plaintiff further alleges that on or about
8 November 2015, Defendants were aware that Plaintiff fell off the top bunk and that he had a
9 lower bunk chrono.  In November 2015, Plaintiff requested the name of officials responsible.  On
10 May 12, 2016, Plaintiff's appeal was responded to and denied.  On June 4, 2016, Plaintiff filed
11 his appeal at third level, stating he was dissatisfied with the second level response.  Plaintiff
12 reports that he has had a lower bunk and lower tier ground floor chrono for a long time, since
13 2011.

14 On September 15, 2016, Plaintiff received the third level response, but was not given the
15 names of the official that placed him in an upper bunk at time of his fall.  Plaintiff contends that
16 the staff members named in this action worked in the housing unit, and he told them a number of
17 times that he had a lower bunk/lower ground floor chrono, but nothing was done.  Plaintiff
18 contends that the injury to his shoulder was caused by Defendants' disregard of his medical
19 chrono.

20 As relief, Plaintiff seeks damages against all defendants.

21 **IV.    DISCUSSION**

22 **A.    Linkage Requirement**

23 The Civil Rights Act under which this action was filed provides:

24 Every person who, under color of [state law]...subjects, or causes to be subjected,
any citizen of the United States...to the deprivation of any rights, privileges, or
25 immunities secured by the Constitution...shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress.
26

27 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between
28 the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See*

3

*Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff has failed to link the Warden to any violation of his constitutional rights. At best, Plaintiff has alleged that he informed prison staff, not the Warden, of his lower bunk/lower tier chrono and they failed to act.

To the extent Plaintiff seeks to hold the Warden liable based solely upon the Warden's supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009).

**B.    Deliberate Indifference**

Plaintiff alleges that the remaining defendants, Officer Speakman, Officer Rocha, Officer Jones and Mrs. K, were deliberately indifferent to his medical need for a lower bunk.

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials therefore have a "duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). A prisoner claiming an Eighth Amendment violation must show (1) that the deprivation he suffered was "objectively, sufficiently serious;" and (2) that prison officials

were deliberately indifferent to his safety in allowing the deprivation to take place. *Morgan*, 465 F.3d at 1045, quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." *Id.* at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer*, 511 U.S. at 837.

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Officer Speakman, Officer Rocha, Officer Jones and Mrs. K.

**V.     Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Speakman, Rocha, Jones and Mrs. K., but does not state any other cognizable claims. The Court therefore recommends that Plaintiff's remaining claims and Defendant Warden of North Kern State Prison be dismissed from this action. Plaintiff was provided with an opportunity to file a second amended complaint, but opted to proceed on the cognizable deliberate indifference claim. As such, the Court does not recommend granting further leave to amend.

///

Based on the foregoing, the Court HEREBY RECOMMENDS as follows:

1. This action proceed on Plaintiff's first amended complaint, filed on November 21, 2016, for a cognizable claim for deliberate indifference in violation of the Eighth Amendment against Defendants Speakman, Rocha, Jones and Mrs. K.;

2. Plaintiff's remaining claims be dismissed from this action; and

3. Defendant Warden of North Kern State Prison be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 15, 2016**         /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE