# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC CHESTER JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:16-cv-01371-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 50)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Cedric Chester Johnson ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants Speakman, Rocha, Jones, and Kennemer (collectively, "Defendants") for deliberate indifference in violation of the Eighth Amendment. For the reasons that follow, the Court recommends that this action be dismissed, with prejudice.

**I.  Background**

On January 5, 2018, Defendants filed a motion for summary judgment. Fed. R. Civ. P. 56. (ECF No. 43.) Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment. Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1988); Klingele v. Eikenberry, 849 F.2d 409, 411–12 (9th Cir. 1988).

1

(ECF No. 43-1.)

On January 22, 2018, the Court granted Plaintiff's request for a sixty-day extension of time to respond to the motion for summary judgment. (ECF No. 48.) Plaintiff did not file an opposition or otherwise respond to the Court's order within the time allotted.

On April 2, 2018, the Court ordered Plaintiff to file an opposition or statement of non-opposition to the motion for summary judgment within twenty-one (21) days of service of that order. (ECF No. 50.) Plaintiff was warned that the failure to comply with that order would result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (Id. at 2.) Plaintiff has failed to submit any opposition and has not otherwise communicated with the Court.

**II.     Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

///

Here, the action has been pending for nearly three years, and Plaintiff's response or opposition to Defendants' motion for summary judgment is a month overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file a timely opposition. Plaintiff remained incommunicative after being issued another order by this Court to respond to the pending motion. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424. The Court's April 2, 2018 order requiring Plaintiff to respond to the motion for summary judgment expressly warned him that the failure to comply with that order would result in dismissal of this action, with prejudice, for failure to prosecute and failure to obey a court order. (ECF No. 50, p. 2.) Thus, Plaintiff had adequate warning that dismissal this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

### III. Conclusion and Recommendation

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 30, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE